UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Olandio Ray Workman, | ) | Civil Action No.:  6:17-cv-02136-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Robert Joseph Perry, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Olandio Ray Workman, a state pretrial detainee proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 against Defendant Robert Joseph Perry, who has filed a motion for summary judgment.  *See* ECF No. 29.  The matter is now before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends granting Defendant's motion for summary judgment.[1]  *See* ECF Nos. 65 & 67.

## Legal Standards

### I.    Review of the R & R

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1]    The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II.     Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be

no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## **Discussion**[2]

Plaintiff, presently detained at the Greenville County Detention Center on state charges,[3] filed a § 1983 complaint alleging Defendant (who is a deputy employed by the Greenville County Sheriff's Office) looked inside the mailbox at Plaintiff's house in Piedmont, South Carolina, without a search

---

[2]      The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards. The Court adopts that summary without fully repeating it here.

[3]      *See Workman v. Dir. of Greenville Cty. Det. Ctr.*, No. 6:17-cv-03046-RBH-KFM, 2017 WL 8785509, at *2 (D.S.C. Dec. 6, 2017) (summarizing Plaintiff's five pending state charges), *adopted by*, 2018 WL 1730948 (D.S.C. Apr. 10, 2018). *See generally Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

warrant. *See* ECF No. 1. Defendant filed a motion for summary judgment with several exhibits, including an affidavit in which he avers, "I have never opened Olandio Workman's mailbox . . . ." *See* ECF No. 29-1 at p. 3. The Magistrate Judge recommends granting Defendant's motion for summary judgment because (1) Plaintiff lacks standing and (2) Defendant is entitled to qualified immunity and Eleventh Amendment immunity. *See* R & R at pp. 3–6. Plaintiff objects to the Magistrate Judge's recommendations.[4] *See* ECF No. 67 [Pl.'s Objs.] at pp. 1–2.[5]

Assuming *arguendo* that Plaintiff has standing (contrary to the Magistrate Judge's finding),[6] the Court agrees with the Magistrate Judge that the Eleventh Amendment bars Plaintiff from suing Defendant for monetary damages in his official capacity. *See Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 278 (4th Cir. 2016) ("The Eleventh Amendment bars suit against state officials in their official capacity for damages under 42 U.S.C. § 1983."); *Gulledge v. Smart*, 691 F. Supp. 947, 955 (D.S.C. 1988) (holding deputy sheriffs are state officials for § 1983 purposes), *aff'd*, 878 F.2d 379 (4th

---

[4]       Defendant has filed a reply to Plaintiff's objections. *See* ECF No. 69.

[5]       Plaintiff submitted a motion to compel with his objections, *see* ECF No. 67 at pp. 3–4, which the Clerk subsequently docketed as a separate entry. *See* ECF No. 70. Defendant filed a response in opposition to the motion to compel. *See* ECF No. 71. The Court will deny the motion to compel as moot and untimely.

[6]       Standing is a constitutional requirement and prerequisite for federal jurisdiction. *See* U.S. Const. art. III, § 2. "To possess standing, a plaintiff must sufficiently allege the three elements identified by the Supreme Court." *Hutton v. Nat'l Bd. of Examiners in Optometry, Inc.*, 892 F.3d 613, 619 (4th Cir. 2018). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Here, Plaintiff may have standing based on the nature of his Fourth Amendment claim. *See generally United States v. Ranke*, 2010 WL 4386917, at *4 (E.D. Mich. Oct. 29, 2010) ("The Fourth Amendment prohibits 'unreasonable searches and seizures.' U.S. Const. amend. IV. In most circumstances, before a law enforcement officer may enter or search a person's . . . mailbox, . . . the Fourth Amendment requires that the officer obtain a search warrant supported 'by oath or affirmation,' establishing 'probable cause [] and particularly describing the place to be searched, and the persons or things to be seized.' U.S. Const. amend. IV." (emphasis added)), *aff'd*, 480 F. App'x 798 (6th Cir. 2012).

Cir. 1989); *Cone v. Nettles*, 417 S.E.2d 523, 524 (S.C. 1992) (same).[7]

Moreover, Plaintiff's individual capacity claims fail because he has not presented any actual evidence contradicting the sworn statement in Defendant's affidavit that he never opened Plaintiff's mailbox.[8]  *See* ECF No. 29-1 at p. 3.  Because it is undisputed that Defendant never opened Plaintiff's mailbox (the crux of Plaintiff's claim), Defendant is entitled to summary judgment on this basis.  *See Anderson*, 477 U.S. at 248 ("[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." (internal quotation marks and ellipsis omitted) (citing Fed. R. Civ. P. 56(e)).[9]  Similarly, Defendant is entitled to qualified immunity because if he did not open Plaintiff's mailbox, he could not have violated Plaintiff's Fourth Amendment rights.  *See*

---

[7]     In his objections, Plaintiff correctly asserts the Eleventh Amendment does not bar prospective injunctive relief.  *See* Pl.'s Objs. at p. 1; *see generally Ex parte Young*, 209 U.S. 123 (1908).  However, Plaintiff's complaint does not seek prospective injunctive relief and does not allege an ongoing violation of federal law.  *See Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (alteration in original) (internal quotation marks omitted)).

[8]     Significantly, after Defendant moved for summary judgment, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), explaining the summary judgment procedure to Plaintiff.  *See* ECF No. 31.

[9]     The Court notes Plaintiff's complaint is not verified, and therefore it cannot be considered an opposing affidavit for summary judgment purposes.  *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion.").  Likewise, Plaintiff's response in opposition to Defendant's motion for summary judgment is not verified, and it contains hearsay statements of Plaintiff's mother and neighbors.  *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (holding "unsworn argument does not constitute evidence" for purposes of summary judgment); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) ("[S]ummary judgment affidavits cannot be conclusory or based upon hearsay[.]" (internal citation omitted)); *see, e.g.*, *Walker v. Tyler Cty. Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001) ("We thus affirm the district court's grant of summary judgment because the [the plaintiffs'] opposition to the [] defendants' motion rests on what we must regard as mere pleading allegations.").  Moreover, Plaintiff has not submitted a declaration or similar document, and the evidence that he submitted in response to Defendant's motion (an arrest warrant and an NCIC sheet, *see* ECF No. 64) is unrelated to Defendant's statement that he has never opened Plaintiff's mailbox.

*Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) ("To overcome the qualified immunity defense at the summary judgment stage, the plaintiff must have shown facts that make out a violation of a constitutional right . . . .").

**Conclusion**

For the foregoing reasons, the Court **ADOPTS AS MODIFIED** the Magistrate Judge's R & R [ECF No. 65], **GRANTS** Defendant's motion for summary judgment [ECF No. 29], and **DISMISSES** this action *with prejudice*. The Court **DENIES** Plaintiff's motion to compel discovery [ECF No. 70] as moot and untimely.

**IT IS SO ORDERED.**

Florence, South Carolina                                              s/ R. Bryan Harwell
July 6, 2018                                                                R. Bryan Harwell
                                                                             United States District Judge